# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# 1:18-CV-955

| | |
|---|---|
| ESTATE OF MARLON BRYAN LEWIS,<br><br>    Plaintiff,<br><br>vs.<br><br>AXON ENTERPRISE, INC., et al.,<br><br>    Defendants. | **ORDER APPROVING WRONGFUL DEATH SETTLEMENT** |
| TIMOTHY HILL, ANDREW FURR<br><br>    Counterclaimants<br><br>vs.<br><br>AXON ENTERPRISE, INC., et al.,<br><br>    Counterdefendants | |

The remaining parties ask the Court to approve a wrongful death settlement of all claims, specifically as to the minor beneficiary, J.L., who is entitled under North Carolina law to a portion of the settlement. The Court has reviewed the file and held a hearing on February 11, 2020. Present were counsel for all parties, as well as Marsha Watkins, the sister of the decedent Marlon Lewis and the administrator of his estate. Upon consideration of the record and the statements of counsel and the relevant parties, the Court finds that the settlement is fair and reasonable, particularly in light of the difficulties of proving causation and the small amount of economic damages.

Pursuant to the settlement, the remaining defendants or their agents **SHALL** pay directly to Plaintiff's counsel the following:

a. Attorney's fees of $ 80,000.00, which the Court finds is a reasonable and fair amount of compensation for work performed for the benefit of the Estate;

b. Expenses incurred to litigate the case of $28,371.19, which the Court finds were reasonably incurred and necessary to prosecute the Estate's claim;

c. $80,741.40 which plaintiff's counsel **SHALL** distribute to the surviving spouse, Heidi Lewis; and

d. $ 7,573.00 which plaintiff's counsel **SHALL** distribute to Marcia Watkins for reimbursement for funeral, burial, and estate administration expenses.

The minor son of the decedent and Heidi Lewis, J. L., date of birth May 1, 2007, is entitled to $28,314.41 as his share of the settlement, under applicable North Carolina law and as increased by Ms. Lewis' agreement that the funeral expenses should come from her share of the estate. This is fair and reasonable. Within fourteen days, the defendants or their agents **SHALL** pay to the Clerk of Court the sum of $28,314.41 which the Clerk **SHALL** hold and invest in the Court Registry Investment System (CRIS) for the benefit of J. L. until his eighteenth birthday. Within fourteen days, plaintiff's counsel **SHALL** file under seal a copy of J. L.'s birth certificate and a statement of his current address, and **SHALL** advise J. L.'s mother about the need to keep the Clerk advised of J. L.'s current address. On written request of J. L. , submitted under oath as to his identity and entitlement to the funds and with sufficient documentation of his identity, such as a driver's license or other government identification accompanied by his birth certificate and an affidavit from a family member, the Clerk **SHALL** disburse the

funds to J. L. no earlier than May 2, 2025. If no application is made by July 31, 2025, the Clerk shall send a notice addressed to J. L. at his last known address.

To protect the minor beneficiary and reduce the possibility of fraud, the Court will redact personal information of the minor beneficiary from the copy of this order filed on the public docket and the unredacted original order shall be filed under seal. Absent motion and order otherwise, the Clerk shall unseal this order on May 2, 2030.

All remaining claims and counterclaims are resolved by this settlement, and the case is **DISMISSED** with prejudice.

**SO ORDERED**, this the 18th day of February, 2020.

_____
UNITED STATES DISTRICT JUDGE

3